UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO MARTIN VENTURA LOPEZ, by and through her next friend FRANCISCO MARQUEZ, | No. 1:26-cv-02671-DJC-CKD |
| Petitioner, | ORDER |
| v. | |
| TAE D. JOHNSON, et al., | |
| Respondents. | |

This habeas action was filed pro se on behalf of Pedro Martin Ventura Lopez by and through his next friend Francisco Marquez.  (ECF No. 1 at 1.)  The screening requirement described in Rule 4 of the Rules Governing Section 2254 Cases is applicable to petitions for writ of habeas corpus under Section 2241.  *See* Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not

entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

In limited circumstances, a "next friend" may be permitted to file a habeas action on behalf of another individual.  28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended <u>or by someone acting in his behalf</u>." (emphasis added)).  However, in order to do so, the next friend must have standing to pursue habeas relief.  "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coal. of Clergy, Laws., and Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002).

Importantly though, an individual filing a habeas petition as a next friend of an individual in custody may not appear without counsel.  Individuals appearing pro se are only permitted to represent themselves, not others.  *See Cheema v. Warden*, No. 1:26-cv-00203-DC-DMC, 2026 WL 124841, at *2 (E.D. Cal. Jan. 16, 2026) (citing Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) and *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)); *see also Perez v. Bondi*, No. 25-cv-03820-AGS-MSB, 2026 WL 59785, at *1 (S.D. Cal. Jan. 7, 2026).

As such, the Court must dismiss the Petition as currently filed without prejudice as it plainly appears Petitioner may not obtain relief.  If Petitioner should file a new petition seeking release he has several options: (1) he may do so on his own behalf with counsel, (2) he may file pro se on his own behalf, or (3) a next friend may file on his behalf with counsel, though the burden is on the next friend must establish standing to pursue the action in that capacity.

////

////

////

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED without prejudice to refiling.  The Clerk of the Court is directed to close this case.  This order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 10, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3